RUTAN & TUCKER, LLP
Michael Adams (State Bar No. 185835)
madams@rutan.com
Benjamin Deming (State Bar No. 233687)
bdeming@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Plaintiffs APTUS USA, LLC
and DUTCH GARDEN SUPPLIES
INT LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| APTUS USA, LLC and DUTCH GARDEN SUPPLIES INT LLC,<br><br>        Plaintiffs,<br><br>        vs.<br><br>ROBERT SCHNEIDER, PLANT SCIENCE CONCEPTS, INC., DONNY NUNEZ, and DOES 1 to 20,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **TRADE SECRET MISAPPROPRIATION**<br>2. **INTENTIONAL INTERFERENCE WITH CONTRACT**<br>3. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>4. **BUSINESS & PROFESSIONS CODE §17200**<br>5. **COMMON LAW UNFAIR COMPETITION**<br>6. **FALSE ADVERTISING IN VIOLATION OF LANHAM ACT §43(a)**<br>7. **BUSINESS & PROFESSIONS CODE §17500**<br>8. **FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiffs Aptus USA, LLC ("Aptus") and Dutch Garden Supplies Int LLC ("DGSI"; collectively with Aptus, "Plaintiffs") allege the following:

## PARTIES

1. Aptus is a Wyoming limited liability company with its principal place of business in Los Angeles, California.

2. DGSI is a Wyoming limited liability company with its principal place of business in Los Angeles, California.

3. Plaintiffs are informed and believe and based thereon allege that defendant Robert Schneider ("Schneider") is an individual residing in Orange County, California.

4. Plaintiffs are informed and believe and based thereon allege that defendant Plant Science Concepts, Inc. ("PSC") is a Rhode Island corporation doing business in the State of California.

5. Plaintiffs are informed and believe and based thereon allege that defendant Donny Nunez ("Nunez") is an individual residing in Rhode Island and doing business in the State of California.

6. Plaintiffs are unaware of the true names and capacities of defendants Does 1-20, inclusive, and therefore sue said defendants by fictitious names. Plaintiffs will amend this Complaint and any other appropriate pleadings herein to state the true names and capacities of cross-defendants Does 1 through 20 when those names and capacities are ascertained. Plaintiffs allege that each of defendants Does 1 through 20, inclusive, is responsible for the acts, omissions, circumstances and damages hereinafter alleged. Schneider, PSC, Nunez, and Does 1-20 are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

7. This is a civil action that arises in part under Section 43(a) of the Lanham Act for false advertising. Jurisdiction over this matter is conferred on the Court by 28 U.S.C. §1338 and 15 U.S.C. §1121. *See U-Haul Intern., Inc. v. Jartran, Inc.*, 681 F.2d 1159, 1159 (9th Cir. 1982); *Alum-A-Fold Shutter Corp. v. Folding Shutter Corp.*, 441

F.2d 556, 556-58 (5th Cir. 1971). This Court has supplemental jurisdiction over the claims not brought under a federal statute because those claims are related to, and form part of the same case or controversy as, the federal question claim.

8. The Court has personal jurisdiction over Schneider by virtue of his residence and presence in this judicial district and over all of the Defendants because they conduct business in California, their actions as alleged herein are, in substantial part, purposefully directed at California residents, and they purposefully availed themselves of the privilege of conducting business in California.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) because Schneider resides in this judicial district, and a substantial part of the events, omissions and acts which are the subject matter of this action occurred within this district.

## PLAINTIFFS' BUSINESS

10. Aptus is in the business of selling plant stimulation products and in particular has intellectual property rights to a product called FaSilitor. FaSilitor is a silicon-based solution used in hydroponics.[1] Silicon aids plants' uptake of nutrients, strengthens plant structure, and increases plants' ability to handle environmental stresses. Most available forms of silicon are not soluble and therefore are not available for plant uptake. FaSilitor, in contrast, provides soluble silicon available for plant uptake.

11. DGSI is an affiliate of Aptus that sells FaSilitor primarily to hydroponics retailers and commercial growers in the United States.

12. The trade secret formula for FaSilitor was developed through many years of research and development and the investment of substantial resources.

13. The trade secret formula for FaSilitor provides Plaintiffs with a competitive advantage over other companies selling silicon-based solutions. The FaSilitor formula has substantial independent economic value from not being generally known in the industry. Plaintiffs' competitors and potential competitors stand to reap an unfair and unlawful

---

[1] Hydroponics is a method of growing plants without soil in which nutrients are distributed via liquid solutions.

competitive advantage if they learn the FaSilitor formula because it would allow them to develop their own product, or improve an existing product, without incurring the substantial time and expense that was incurred in research and development to create FaSilitor. Plaintiffs' competitors would also gain an unfair and unlawful competitive advantage by allowing them to create a copy-cat product and achieve the same or comparable effectiveness as FaSilitor, which effectiveness was achieved only through many years of research and development.

14. Over a period of several years, Plaintiffs invested substantial time and expense creating a trade secret customer list by contacting the thousands of hydroponics retailers and commercial growers in the United States and, over time, identifying the approximately four hundred customers interested in silicon-based solutions such as FaSilitor. Separating the wheat from the chaff – creating a customer list that identifies the subset of customers interested in silicon-based solutions – took Plaintiffs many years and the investment of substantial resources.

15. Plaintiffs' customer list has substantial independent economic value from not being generally known in the industry. Plaintiffs' competitors stand to reap an unfair and unlawful competitive advantage if they come into possession of Plaintiffs' customer list because it identifies the hydroponics retailers and commercial growers interested in silicon-based solutions, including business addresses, phone numbers, email addresses and the identity of persons in charge of purchasing. This knowledge would allow a competitor to avoid the enormous time and expense incurred by Plaintiffs in contacting the thousands of potential customers necessary to find the subset of companies interested in such products, and to obtain the information identified above contained in Plaintiffs' customer list. Plaintiffs' customer list has further independent economic value from not being generally known in the industry because it includes specific customer information, including quantities purchased and wholesale purchase prices. This knowledge would allow a competitor to bid unfairly and unlawfully capture business from Plaintiffs.

16. Plaintiffs employed Schneider from about 2012 to March 2015. During his

employment with Plaintiffs, Schneider was responsible for sales, conducting educational programs and seminars, obtaining regulatory approvals, and running Plaintiffs' technical support. As a necessary means of performing his job duties, Schneider had access to Plaintiffs' most valuable confidential and proprietary information, including the trade secret formula for FaSilitor and Plaintiffs' trade secret customer list.

## DEFENDANTS' MISAPPROPRIATION OF PLAINTIFFS' TRADE SECRET FORMULA AND CUSTOMER LIST

17. Nunez, through his companies Mother Nature Hydroponics and True Bloomz, purchased FaSilitor from DGSI. As Plaintiffs' representative involved in sales to Nunez's entities, Schneider had numerous occasions to interact with Nunez. Plaintiffs are informed and believe and based thereon allege that Schneider and Nunez plotted to establish their own business selling a silicon-based solution by misappropriating Plaintiff's trade secret formula and customer list.

18. In March 2015, Plaintiffs terminated Schneider after discovering he had misused company resources.

19. In about July 2015, Frank Houben on behalf of Plaintiffs asked Schneider whether Schneider was involved in any way with silicon-based products. Schneider denied having any involvement with any silicon-based products.

20. PSC was formed in September 2015, just six months after Plaintiffs terminated Schneider.

21. PSC almost immediately began selling a silicon-based solution called OSA/28 that competes against FaSilitor. Plaintiffs are informed and believe and based thereon allege that the complex chemistry and extensive research and development effort necessary to develop a silicon-based solution requires years of effort and a vast expenditure of resources, and that PSC would be incapable of developing OSA/28 in such a short amount of time had it not misappropriated Plaintiffs' trade secret formula. Defendants thereby obtained an unfair and unlawful competitive advantage in being able to almost immediately go to market with a silicon-based solution without the years of

research and development effort and expenditure of substantial resources necessary to independently develop such a product.

22. Plaintiffs are informed and believe and based thereon allege that Defendants used Plaintiffs' trade secret customer list to target the approximately 400 hydroponics retailers and commercial growers interested in silicon-based solutions out of the thousands of potential customers in the United States. Defendants thereby obtained an unfair and unlawful competitive advantage by avoiding the years of effort and substantial investment of resources necessary to independently contact the thousands of potential customers to identify the ones interested in silicon-based solutions. Defendants further obtained an unfair and unlawful competitive advantage by acquiring knowledge of Plaintiffs' customers' ordering volumes and the wholesale prices Plaintiffs charged to each customer, which allowed Defendants to bid unfairly against Plaintiffs.

23. Plaintiffs are informed and believe and on that basis allege that Defendants represent to customers and potential customers that FaSilitor and OSA/28 are the same product, but that OSA/28 is superior because it costs substantially less than FaSilitor.

24. Plaintiffs are informed and believe that Defendants are able to sell OSA/28 at a lower price point than FaSilitor because Defendants avoided the substantial research and development costs to independently develop OSA/28, and further avoided the significant sales expense necessary to develop a list of customers interested in silicon-based solutions.

25. Within a few short months after PSC began selling OSA/28, sales of FaSilitor in the United States plummeted by approximately 50% as Plaintiffs' customers began purchasing OSA/28 instead of FaSilitor based on Defendants' representations that OSA/28 is the same product at a lower price.

26. In about January 2016, at a trade show in Southern California in which PSC was promoting OSA/28, Nunez publicly acknowledged that Schneider is his "partner."

### DEFENDANTS' FALSE ADVERTISING

27. Defendants falsely represent on their website and in brochures that "OSA/28 contains the highest level of Plant Available Silicon" and "we analyze all brands on our

dime to get past the BS hype and bragging that growers are sick of."

28. Defendants' claims are false because the "analysis" on which Defendants base their representation reports only levels of elemental silicon present in OSA/28 and FaSilitor. Elemental silicon is *not* soluble silicon available for plant uptake. In other words, Defendants' analysis of OSA/28 and FaSilitor does not report levels of soluble, plant available silicon. Defendants' claims that OSA/28 has the highest levels of soluble silicon based on its analysis of OSA/28 and FaSilitor are therefore false.

29. Plaintiffs are informed and believe and based thereon allege that as a result of Defendants' false and misleading advertising, Plaintiffs' reputation has been damaged and sales of FaSilitor declined substantially as Plaintiffs' customers switched to OSA/28 in reliance on Defendants' false and misleading advertising (in addition to the representations alleged above in Paragraph 25).

30. Plaintiffs are informed and believe and based thereon allege that Defendants will continue their false and misleading advertising and Plaintiffs will continue to be harmed thereby unless and until Defendants are enjoined by the Court.

## FIRST CAUSE OF ACTION

### (Trade Secret Misappropriation Against All Defendants)

31. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 30 above and incorporate them herein by this reference.

32. Plaintiffs possess confidential and proprietary information not generally known in the industry, to the public, or to others who can realize economic value from its disclosure or use, including without limitation: (1) the formula for FaSilitor; and (2) Plaintiffs' customer list.

33. Plaintiffs' confidential and proprietary information derives independent economic value from its secrecy.

34. Plaintiffs have taken reasonable measures under the circumstances to maintain the secrecy of their confidential and proprietary information.

35. Defendants have taken Plaintiffs' confidential and proprietary information

and have wrongly used it for their own benefit, to the detriment of Plaintiffs, for the purpose of establishing and operating PSC to directly compete against Plaintiffs in the market for silicon-based solutions.

36. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will suffer immediate and irreparable injury not fully compensable by money damages. Plaintiffs are informed and believe and based thereon allege that unless restrained by this Court, Defendants will continue the acts herein alleged. A preliminary injunction and permanent injunction should issue against Defendants as more fully set forth in the Prayer below.

37. As a direct and proximate result of Defendants' misappropriation, Plaintiffs have been damaged in an amount in excess of this Court's minimum jurisdiction, to be proven at trial.

38. Plaintiffs are informed and believe and based thereon allege that Defendants acted willfully and with malice and that Plaintiffs are therefore entitled to an award of punitive damages in an amount to be proven at trial, as well as attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Intentional Interference With Contract Against All Defendants)

39. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 38 above and incorporate them herein by this reference.

40. Valid contracts exist between Plaintiffs and their customers for the purchase of FaSilitor. Defendants knew of the existence of these contracts.

41. Defendants intentionally interfered with Plaintiffs' contracts by, among other things, targeting Plaintiffs' customers and unlawfully using Plaintiffs' customer list to bid against Plaintiffs using Plaintiffs' confidential information.

42. Defendants further intentionally interfered with Plaintiffs' contracts by falsely representing that OSA/28 contains the highest level of soluble silicon available for plant uptake among competing products, including FaSilitor. Plaintiffs are informed and believe and based thereon allege that Defendants made these false representations to

Plaintiffs' customers to convince them to purchase OSA/28 instead of FaSilitor.

43. Due to Defendants' unlawful conduct, these contracts were actually disrupted and/or the performance of which was made more expensive or difficult.

44. As a direct and proximate result of Defendants' intentional interference, Plaintiffs have been damaged in an amount in excess of this Court's minimum jurisdiction, to be proven at trial.

45. Plaintiffs are informed and believe and based thereon allege that Defendants acted intentionally and in conscious disregard of Plaintiffs' rights and with malice, fraud and oppression and that Plaintiffs are therefore entitled to an award of punitive damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage Against All Defendants)

46. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 45 above and incorporate them herein by this reference.

47. At the time of Defendants' conduct, as alleged above, Plaintiffs had existing relationships with its customers, which had and have a substantial probability of resulting in economic benefit to Plaintiffs. Defendants were aware of these relationships and of the probable potential economic advantage to Plaintiffs.

48. Defendants' wrongful acts and conduct as alleged above were designed to interfere, and did interfere, with such relationships, thereby causing Plaintiffs to lose the economic advantage to which they were entitled. It is extremely likely that these relationships would have resulted in significant economic advantage to Plaintiffs had Defendants not improperly interfered with them.

49. As a direct and proximate result of Defendants' intentional interference, Plaintiffs have been damaged in an amount in excess of this Court's minimum jurisdiction, to be proven at trial.

50. Plaintiffs are informed and believe and based thereon allege that Defendants

Rutan & Tucker, LLP
attorneys at law

2314/032923-0001
9334028.4 a03/03/16

-8-
COMPLAINT

acted intentionally and in conscious disregard of Plaintiffs' rights and with malice, fraud and oppression and that Plaintiffs are therefore entitled to an award of punitive damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Business & Professions Code Section 17200 Against All Defendants)

51. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 50 above and incorporate them herein by this reference.

52. The conduct of Defendants as described herein, including without limitation, the misappropriation of Plaintiffs' trade secrets, the interference with Plaintiffs' contracts and prospective economic advantage, and false advertising, constitutes unlawful, unfair, and fraudulent business practices in violation of California Business and Professions Code Section 17200.

53. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damage. Unless enjoined by this Court, Defendants' unlawful acts have and will continue to cause great and irreparable injury to Plaintiffs. Plaintiffs have no other adequate remedy at law for such acts and threatened acts, and therefore pursuant to California Business and Professions Code Section 17203, an injunction should issue in the form set forth below in the Prayer.

54. Defendants have profited and will in the future profit unjustly from their unfair business practices. Accordingly, pursuant to Business and Professions Code Section 17203, Plaintiffs seek an award representing the amount of ill-gotten gains that must be disgorged by Defendants.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition Against All Defendants)

55. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 54 above and incorporate them herein by this reference.

56. The foregoing acts and conduct of Defendants constitute unfair trade practices and unfair competition under California common law.

57. Defendants' acts have caused damage to Plaintiffs, including incidental and general damages, lost profits, and out-of-pocket expenses.

58. As a proximate result of Defendants' unfair competition, Plaintiffs suffered and will suffer immediate and irreparable injury not fully compensable by money damages, such that a preliminary and permanent injunction should issue against Defendants. Plaintiffs are informed and believe and based thereon allege that unless restrained by this Court, Defendants will continue the acts herein complained of.

59. Plaintiffs are informed and believe and based thereon allege that Defendants acted intentionally and in conscious disregard of Plaintiffs' rights and with malice, fraud, and oppression and that Plaintiffs are therefore entitled to an award of punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (False Advertising in Violation of Lanham Act Section § 43(a)
### Against All Defendants)

60. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 59 above and incorporate them herein by this reference.

61. Defendants represent in their commercial advertising and marketing materials disbursed in interstate commerce, including on their website and marketing brochures, that "[c]ompared to other national brands, OSA/28 contains the highest level of Plant Available Silicon" and claims to have had analyses conducted for it that supports its representation. Plaintiffs are informed and believe and based thereon allege that these representations are false and misleading representations of fact because the analysis upon which Defendants rely does not report soluble silicon that is available for plant uptake.

62. Plaintiffs are informed and believe and based thereon allege that Defendants' representations misrepresent the nature and qualities of Defendants' goods.

63. Defendants' acts have caused damage to Plaintiffs, including incidental and general damages, lost profits, and out-of-pocket expenses.

## SEVENTH CAUSE OF ACTION

(Business & Professions Code Section 17500 Against All Defendants)

64. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 63 above and incorporate them herein by this reference.

65. Defendants' acts as alleged herein constitute the use of deceptive, untrue and misleading advertising that Defendants knew or should have known was deceptive, untrue, and misleading. Defendants' deceptive, untrue and misleading advertising impaired Plaintiffs' goodwill and otherwise adversely affected Plaintiffs' business and reputation. These acts constitute false advertising under California Business and Professions Code §§ 17500 and 17535 and under California common law.

66. Money damages will not adequately remedy Plaintiffs' injuries. Plaintiffs are therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of false and misleading advertising.

67. Plaintiffs are also entitled to damages, disgorgement of Defendants' profits and other damages according to proof at trial.

## EIGHTH CAUSE OF ACTION

(Fraud Against Schneider)

68. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 67 above and incorporate them herein by this reference.

69. In about July 2015, Houben asked Schneider whether he was involved with any silicon-based solutions. Schneider represented that he was not involved with any silicon-based solutions.

70. Schneider's representation to Houben was false because Plaintiffs are informed and believe and based thereon allege that Schneider was already involved with Nunez in their plan to bring OSA/28 to market.

71. Plaintiffs are informed and believe and based thereon allege that Schneider knew that his representation to Houben was false when he made it, or he made the representation recklessly and without regard for its truth.

72. Plaintiffs are informed and believe and based thereon allege that Schneider

intended that Plaintiffs rely on the representation so that they would not immediately take action to investigate and stop Defendants from misappropriating Plaintiffs' trade secrets and interfering with their contracts and prospective economic advantage.

73. Plaintiffs reasonably relied on Schneider's representation that he was not involved with any silicon-based solutions in not taking action to investigate and stop Defendants from using Plaintiffs' trade secrets and interfering with their contracts and prospective economic advantage.

74. Schneider's misrepresentation was a substantial factor in causing damage to Plaintiffs, including incidental and general damages, lost profits, and out-of-pocket expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That Defendants pay compensatory damages to Plaintiffs;

2. That Defendants pay punitive damages to Plaintiffs;

3. That Plaintiffs have and recover from Defendants reasonable attorneys' fees, costs and disbursements in this action pursuant to Cal. Civ. Code §3426.4 and as otherwise authorized by law;

4. That the Court grant Plaintiffs restitution from Defendants by disgorgement of all profits earned through the unlawful conduct asserted herein;

5. That any monetary award include pre and post-judgment interest at the highest rate allowed by law;

6. That Defendants, their officers, directors, agents, servants, employees, attorneys and all persons, firms and corporations in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from engaging in or assisting others to engage in any business that provides silicon-based solutions using Plaintiffs' trade secret formula or Plaintiff's customer list.

///

///

7. That Defendants pay Plaintiffs' costs of suit herein; and

8. For such other and further relief as this Court deems just and proper.

Dated: March 3, 2016

RUTAN & TUCKER, LLP
MICHAEL ADAMS
BENJAMIN DEMING
PROUD USAHACHAROENPORN

By: /s/ Michael Adams
Michael Adams
Attorneys for Plaintiffs
APTUS USA, LLC and DUTCH GARDEN SUPPLIES INT LLC

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1 of the Local Rules of the United States District Court for the Central District of California, Plaintiffs hereby demand a jury trial in this action with respect to all claims that are triable by jury.

Dated: March 3, 2016

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
BENJAMIN DEMING
PROUD USAHACHAROENPORN

By: /s/ Michael Adams
    Michael Adams
    Attorneys for Plaintiffs
    APTUS USA, LLC and DUTCH GARDEN SUPPLIES INT LLC